**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-30216
(Summary Calendar)

JOSE A. LOPEZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(93-CV-3860)

December 27, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose A. Lopez filed this Jones Act suit for damages for personal injuries allegedly sustained

on board the S/S METEOR as a result of an accident on December 17, 1992. The parties stipulated

to Lopez's seaman status and the facts of the accident. The main issue at trial concerned the extent

of Lopez's injuries which could be related to the accident.

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

The parties presented several expert witnesses who offered conflicting explanations for Lopez's back injury. While one witness related Lopez's symptoms of back pain to the accident, others attributed them to aging and mild degenerative changes only.

At the conclusion of the trial, the district court appointed Dr. James C. Butler to provide an additional medical opinion. Dr. Butler's report stated that "[o]ne cannot determine with any certainty as to whether these degenerative changes `previously asymptomatic were made symptomatic' by this accident," but that this was "probably not the case."

The district court found that "any back problems currently suffered by plaintiff are as a result of the normal aging process, and cannot be attributed to the negligence of defendant."

DISCUSSION

Standard of causation

Lopez argues that the district court erred by not applying the proper standard of causation required by the Jones Act. He argues that using the "featherweight" standard of causation required would result in a finding that the disabling condition suffered by him was caused by the December 17 accident. He argues that the district court's correspondence to Dr. Butler did not present the doctor with the proper standard of causation. He contends that the district court's use of the words "probable cause" in her letter did not properly present the standard of causation, which caused Dr. Butler to use the incorrect standard.

Causation questions in admiralty cases are treated as fact questions. Johnson v. Offshore Exp., Inc., 845 F.2d 1347, 1352 (5th Cir.), cert. denied, 488 U.S. 968 (1988). A district court's findings of fact in an admiralty case may not be set aside unless they are clearly erroneous. Walker v. Braus, 995 F.2d 77, 80 (5th Cir. 1993). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court, based on all the evidence, is left with the definite and firm conviction that a mistake has been made. Id. The clearly erroneous standard of review does not apply if the district court made the factual finding under an erroneous view of controlling legal principles. Id.

2

There is no evidence in the record to suggest that the district court applied an incorrect legal standard. The burden of proof on a plaintiff for showing causation in a Jones Act case has been described as "featherweight." Johnson, 845 F.2d at 1352. This does not mean that the plaintiff wins if he puts on any evidence of causation. This burden of proof applies in the context of deciding whether a plaintiff's case should go to the jury when a defendant files a motion for summary judgment, or a motion for directed verdict at the close of plaintiff's case, or whether a jury verdict should be upheld when the defendant files a motion for judgment notwithstanding the verdict. See Springborn v. American Commercial Barge Lines, Inc., 767 F.2d 89, 97-100 (5th Cir. 1985). It does not follow from the featherweight burden "that the plaintiff is entitled to a directed verdict if there is only slight evidence in his favor." Nor does it follow that "if the defendant wins the verdict, the plaintiff should be able to overturn it if there is only slight evidence in his favor."

When the findings of the district court in a bench trial are based on credibility determinations, this court affords those findings even greater deference. Dardar v. Lafourche Realty Co., Inc., 985 F.2d 824, 827 (5th Cir. 1993). The district court's finding that Lopez's back condition was not related to the accident of December 17 was not clearly erroneous.

Further, Lopez's suggestion that the district court should have informed Dr. Butler of the "featherweight" standard of review has no basis in law. As noted above, not only is the standard not applicable in that context, but any applicable legal standard is for the district court to apply, not the physician.

Examination of court appointed expert

Lopez argues that it was reversible error for the district court to accept and consider the opinion of Dr. Butler without presenting him for examination by the parties prior to rendering judgment, in violation of Fed. R. Evid. 706. He contends that the district court rendered judgment while Dr. Butler's opinions remained open, making him unable to obtain Dr. Butler's complete conclusions through sworn testimony and cross-examination.

3

Federal Rule of Evidence 706(a) provides that the district court may appoint an expert witness, whose "deposition may be taken by any party," and who "may be called to testify by the court or any party," and who would be "subject to cross-examination by each party, including a party calling the witness." Rule 706(a) does not explicitly require the district court to "present" the witness for examination by the parties, as Lopez suggests in his brief without citation to any authority. Granted, the application notes to Rule 706(a) state that the "rule has been revised to make definite the right of any party, including the party calling him, to cross-examine." However, this revision does not create a right to examine in the first instance absent a request.

There was a delay of three months from the time Dr. Butler issued his report until the court rendered judgment. Lopez never asked to depose Dr. Butler and never indicated that he felt that Dr. Butler's opinion regarding the cause of his back condition was somehow unclear. If Lopez felt that Dr. Butler's opinion was in some way incomplete, he could have deposed him and/or moved the court to reopen the evidence for an examination of Dr. Butler.

AFFIRMED.